NO. 07-07-0484-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 14, 2008
______________________________

SALVADOR ELISO PENA, 
 
                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 55,243-B; HON. JOHN B. BOARD, PRESIDING
_______________________________

                                                     Memorandum Opinion
                                        _______________________________
                     
Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
          Salvador Eliso Pena (appellant) appeals his conviction for possessing a controlled
substance. Through one issue, he contends that the trial court erred by admitting 
testimony that violated Rule 404(a) of the Texas Rules of Evidence. The testimony
consisted of a witness answering (after being asked how she knew appellant) that she
knew him through “the dope game.” This comment was deemed objectionable by
appellant because it interjected an extraneous offense, its relevance was outweighed by
its undue prejudice, and it constituted a “general characterization of . . . [his] character.” 
The grounds raised on appeal include the latter, i.e. character, due process, and equal
protection and no more. We affirm the judgment.
          To the extent that appellant now contends that he was denied both due process and
equal protection by the trial court’s decision to overrule his objection, we note that those
grounds went unmentioned below. Consequently, they were waived. See Broxton v.
State, 909 S.W.2d 912, 918 (Tex. Crim. App.1995) (stating that the grounds urged on
appeal must comport with those mentioned at trial, otherwise they are waived).
          Regarding the reference to the “dope game” as an improper attack upon appellant’s
character, we immediately note that the witness did not say appellant was involved in
selling or buying dope. Rather, she said she simply knew him from the “dope game.” So,
whether the comment can be read as attributing to appellant a bad character (or a
penchant for engaging in the drug trade) is less than clear. 
          Nonetheless, after the utterance, the witness was asked to explain how long she
knew appellant. So too did the prosecution return to the subject of the “dope game” and
asked the witness if she was participating in that. She answered yes. She also admitted
to selling drugs. Following this, the prosecutor asked: “[w]as it in the course of that - - and
I’ll call it a business relationship as well as a personal relationship, is that how you became
associated with [appellant].” To that she answered “yes, sir,” without objection from
anyone. The latter circumstance, coupled with the lack of any prior request from appellant
for a running objection to the purported effort to link appellant to the “dope game” is
problematic. This is so because unless one obtains a running or continuous objection from
the court about objectionable matter, he must complain each time that matter reappears;
if he does not, then the complaint is waived. Lajoie v. State, 237 S.W.3d 345, 350 (Tex.
App.–Fort Worth 2007, no pet.). So, since appellant did not again object when the
prosecutor returned to the topic of the “dope game” and asked if that was how she became
associated with appellant, the latter waived his complaint.
          Accordingly, we overrule the issue and affirm the judgment.
 
                                                                           Brian Quinn
                                                                          Chief Justice


Do not publish.